# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 85 CR 663 |
| WILLIAM COOK, | Judge James B. Zagel |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

In 1985, Mr. Cook was charged with committing perjury in violation of 18 U.S.C. § 1623 and 18 U.S.C. § 1001. The charges stemmed from his testimony in an earlier case in which he alleged that an individual injured him by intentionally striking him with a door. Mr. Cook was acquitted on the perjury charges. Subsequent to his acquittal, Mr. Cook sought to have the records of the incident expunged. Judge Plunkett—who presided over the perjury trial—denied his motion. Now, some twenty two years after this first denial, Mr. Cook again seeks expungement. He argues that the records hamper his efforts to obtain employment.

### II. DISCUSSION

In his motion, Mr. Cook seeks the expungement of both (1) FBI records pertaining to his 1985 acquittal on perjury charges; and (2) judicial and prosecution records pertaining to the same event.

   *A.   This Court Lacks Jurisdiction to Order Expungement of Mr. Cook's FBI Records*

Mr. Cook's motion to expunge his FBI records is denied because this Court lacks the necessary jurisdiction to effectuate such an order. Of course, this Court is one of limited jurisdiction. Absent authority conferred by the Constitution and by statute, I am powerless to act.

The Seventh Circuit has repeatedly held that federal courts are without jurisdiction to order the expungement of executive branch records. *See United States v. Flowers*, 389 F.3d 737, 738 (7th Cir. 2004) ("[W]e have previously made clear that federal courts lack jurisdiction to order expungement of [records maintained by the executive branch]."); *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993) ("[F]ederal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction."). The FBI is an entity within the Department of Justice, thus, it is an executive branch agency. Accordingly, because the Seventh Circuit has expressly held that this Court lacks the jurisdiction to order the expungement of executive branch records, Mr. Cook's motion to expunge his FBI records is denied.

> B. *Mr. Cook's Motion to Expunge His Judicial Records is Denied Because He Fails to Satisfy the Applicable Balancing Test*

Unlike records maintained by the executive branch, this Court, sitting in this Circuit, currently possesses jurisdiction to expunge judicial records. *See Flowers*, 389 F.3d at 739; *but see United States v. Coloian*, 480 F.3d 47, 51 (1st Cir. 2007). The Seventh Circuit has developed a balancing test to aid courts in assessing whether or not to expunge judicial records. Expungement will be ordered: "if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records . . . ." *Id.* (*citing Janik*, 10 F.3d at 472). Appeals Courts have stressed that expungement is an extraordinary remedy. *Flowers*, 389 F.3d at 739; *see also Geary v. United States*, 901 F.2d 679 (8th Cir. 1990).

Mr. Cook fails to satisfy the balancing test because he is unable to demonstrate the requisite extraordinary adverse consequences.[1] The adverse consequence to which Mr. Cook points is the effect the maintenance of the records has on his ability to secure employment. The Seventh Circuit, however, specifically excluded inability to secure employment from the list of consequences that will constitute grounds for expungement. *See Flowers*, 389 F.3d at 739-40. Because the only adverse consequence to which Mr. Cook points is one that the Court of Appeals has expressly held does *not* warrant expungement, Mr. Cook fails to satisfy the balancing test.

Mr. Cook seeks to distinguish his case from *Flowers* and *Janik* on the grounds that he was *acquitted* while the movants in *Flowers* and *Janik* were convicted. However, his efforts are unavailing. As the *Flowers* court pointed out, the Seventh Circuit upheld the denial of the *Scruggs* defendant's request to expunge his arrest record despite the fact that he had been found *not guilty* of being a felon in possession of a firearm. *Flowers*, 389 F.3d at 739. The import of that, of course, is that an acquittal will not, in and of itself, be enough to warrant an *ex post* expungement. *See United States v. Friesen*, 853 F.2d 816 (10th Cir. 1988) (attorney acquitted on all counts of conspiracy to manufacture cocaine was not automatically entitled to expungement of records); *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 n.30 (D.C. Cir. 1985) (neither dismissal of complaint nor acquittal, without more, justifies expungement of arrest record).

While I am denying Mr. Cook's request to expunge his judicial records on the merits, I doubt whether I even have jurisdiction to consider this request. In 1994, the Supreme Court unanimously held that a district court lacked subject matter jurisdiction to enforce a settlement

---

[1] Of course, the public interest in maintaining records is well known. *See Flowers*, 389 F.3d at 739; *see generally* Steven K. O'Hern, *Note, Expungement: Lies That Can Hurt You In and Out of Court*, 27 Washburn L.J. 574 (1988) (a good article in a fine law review).

agreement it had approved where its accompanying order of dismissal did not reserve jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (1994). The Court held that ancillary jurisdiction exists only (1) to permit disposition of interrelated claims by a single court and (2) to enable a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80.

Without question, the *Kokkonen* decision narrowed district courts' ancillary jurisdiction. Since the decision was handed down, several circuits have construed it as depriving district courts of jurisdiction to grant requests for expungement that are based solely on equitable grounds. *See Coloian*, 480 F.3d at 52; *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).

The Seventh Circuit's decision in *Flowers*—which holds that district courts do have jurisdiction to consider motions to expunge—is in conflict with these Circuits' decisions. While *Flowers* came after *Kokkonen*, the panel in *Flowers* did not address *Kokkonen* in its opinion. When it confronts this question again, the Seventh Circuit may choose to side with all of the other Circuits that have analyzed the issue through the prism of *Kokkonen*, and conclude that district courts lack jurisdiction to grant expungement motions premised on equitable grounds. However, because the relevant Supreme Court precedent is not *directly* on point, and because *Flowers* was decided after *Kokkonen*, I must to adhere to binding Circuit precedent unless and until the Court of Appeals revisits it.

In this case, the analytical path I choose makes little practical difference. If I adopt the First, Third, Eighth and Ninth Circuits' approach, Mr. Cook's motion would be denied due to

4

lack of jurisdiction. If I apply the balancing test set forth in *Flowers*, Mr. Cook's motion is denied because he is unable to satisfy the balancing test.

## III. CONCLUSION

This Court lacks jurisdiction to order the expungement of executive branch records. Furthermore, Mr. Cook fails to cite adverse consequences that are sufficient to outweigh the public interest in maintaining the judicial records. Therefore, his Motion For Expungement Of Records is DENIED.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: January 15, 2008